1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2014 MAY -5 PM 3:01

S. TAMANAHA
CLERK

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Ste 3304
Honolulu, Hawaii 96813
Telephone: (808) 525-8584
Facsimile: (808) 525-8534
E-mail: healy.lawyer@hawaiiantel.net

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, Hawaii 96813
Telephone (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honlaw@lava.net

Attorneys for Plaintiff
Angie Parangan

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ANGIE PARANGAN, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>OUTRIGGER HOTELS HAWAII, JOHN DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, <br>　　　　　　　　　Defendants. | Civil No. 14-1-1110-05 KKS <br>(Other Civil Action) <br><br>Complaint; Summons |

Complaint; Summons

COMES NOW Plaintiff, ANGIE PARANGAN, by and through her attorneys, Michael P. Healy and Charles H. Brower, and for causes of action against Defendants, alleges and avers as follows:

**EXHIBIT "A"**

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

## FACTS

1. Plaintiff ANGIE PARANGAN is and was as all times mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant OUTRIGGER HOTELS HAWAII, ( hereinafter "OUTRIGGER") is a Corporation incorporated in the State of Hawaii, and doing business in the City and County of Honolulu, State of Hawaii.

3. The Defendants names in this Complaint under the names of JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5 AND DOE GOVERNMENTAL AGENCIES 1-5 (hereinafter "DOE DEFENDANTS") are persons, organizations, or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence. They are sued in this Complaint under fictitious names. Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues and Plaintiff is informed and believes and thereupon alleges that direct or indirect conduct of these other Defendants, presently unknown to Plaintiff, was or may have been a proximate cause of the incident complained of and/or the damage or loss thereby sustained by Plaintiff as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for the said losses sustained, inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

4. Plaintiff was hired by OUTRIGGER in 1985 as an office clerk in the accounting department for the Outrigger Activities Center. Plaintiff continued working with OUTRIGGER in this capacity until April 2010, when her position at the Ohana Waikiki East was dissolved.

5. On January 25, 2012, Plaintiff interviewed with Guest Services Manager ("GSM") Denise Torres ("Torres") and Front Office Manager ("FOM") Suzanne Lee ("Lee") for an on-call front desk position with the OUTRIGGER Ohana Waikiki East. During the interview, Plaintiff told both Managers that she would like to be hired for a full time position should one become available. She also requested that she be notified if a full time position did open up. Both Torres and Lee agreed to notify Plaintiff if a full time position became available. Subsequent to her interview, Plaintiff was hired for the on call front desk position.

6. On February 6, 2012, Plaintiff began working at the front desk of the Ohana Waikiki East on an on call basis.

7. On or about June 2012, Plaintiff learned that OUTRIGGER was interviewing applicants for a full time position for which Plaintiff was qualified. Plaintiff advised Clayton Umuiwi ("Umuiwi"), Guest Services Manager ("GSM"), of her interest in that position on or about mid June 2012. When Plaintiff discussed her desire to be considered for the full time front desk position, Umuiwi simply said to Plaintiff: "No Babe, we're going to be busy in July and this position calls for auditing." Though Plaintiff was still interested in the full time front desk position, she understood Mr. Umuiwi's comments to be a direct rejection of her right to apply for the position.

3

8. Plaintiff subsequently learned that Steven Ki ("Ki"), a person with no hotel and/or front desk experience, was hired for the full time front desk position on July 16, 2012.

9. On or about October 11, 2012, Plaintiff had a meeting with FOM Suzanne Lee about her hours being reduced and given to Ki. Plaintiff also complained about Ki being hired for the full time position and Plaintiff not being considered or notified about the position. Lee told Plaintiff that: "Not to discriminate against you but we wanted to balance and even it out there we wanted to hire a guy." Plaintiff told Lee that she felt discriminated against and would report the matter to the human resources department.

10. On or about October 15, 2012, Plaintiff meet with Human Resources Director Kathy Oyadomari ("Oyadomari") to discuss the comments made a few days earlier by FOM Lee and the fact that Plaintiff was not offered the full time position given to an unqualified male, Ki. Oyadomari advised Plaintiff that she would investigate the matter

11. On or about October 16, 2012, Plaintiff met again with Oyadomari who advised Plaintiff that she spoke to Lee and that Lee admitted making the statement: "Not to discriminate against you but we wanted to balance and even it out there we wanted to hire a guy." Oyadomari asked Plaintiff is she wanted to pursue the matter further and Plaintiff said she did. Ms. Oyadomari then told Plaintiff she would discuss the matter with the General manager, Alan Naito ("Naito").

12. On or about October 24, 2012, Plaintiff met with Naito to report the discriminatory comment made by Lee regarding the hiring of Ki for the full time front desk position. Naito simply told Plaintiff to: "forget the past and move on and grow."

13. Shortly after complaining about the discriminatory comment made by Lee, about hiring a male and not notifying Plaintiff of the for the full time position filled by the inexperienced Ki, Plaintiff was unfairly given a write for allegedly failing to properly document providing a hotel guest with a parking pass. This write up was unfair because Plaintiff had till the end of her shift to make the documentation but was given the write up before her shift ended. Plaintiff was also retaliated against because her hours were further reduced after she made her complaints about the discriminatory comment by Lee and the discriminatory hiring of Ki. Plaintiff continues to work at OUTRIGGER on an on call part time basis.

14. Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission (HCRC) which was assigned Equal Employment Opportunity Commission (EEOC) No. 486-2013-00123.

15. On February 5, 2014, the EEOC issued a dismissal and right to sue letter; and on March 6, 2014, the HCRC issued a Notice of Dismissal and Right to Sue letter. This lawsuit is filed pursuant to the aforesaid.

16. The Charge of Discrimination to the HCRC alleged discrimination in the terms and conditions of her employment and termination from employment due to sex discrimination.

## COUNT I

### VIOLATION OF STATE DISCRIMINATION LAWS

17. Plaintiff repeats and re-alleges all prior allegations as if set forth fully herein.

18. The actions of Defendant's agents and employees were in violation of State discrimination laws, specifically Hawaii Revised Statutes §§ 378-2, in that Plaintiff suffered discrimination in terms, conditions, and privileges of her employment due to her sex (female).

## COUNT II

### VIOLATION OF FEDERAL DISCRIMINATION LAWS

19. Plaintiff repeats and re-alleges all prior allegations as if set forth fully herein.

20. The actions of Defendant's agents and employees were in violation of Federal law under Title VII of the Civil Rights Act of 1964, as amended, in that Plaintiff suffered discrimination in terms, conditions, and privileges of her employment due to her sex (female).

## COUNT III

### RETALIATION

21. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

22. The actions of Defendant's agents and employees in unfairly writing up Plaintiff, reducing her hours, or otherwise discriminating against her because she opposed the discrimination alleged herein in violation of State Discrimination Laws, under Hawaii Revised Statutes §§ 378-2, and Title VII of the Civil Rights Act of 1964, as amended; entitle Plaintiff to an award of damages to be proven at trial.

23. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## COUNT IV

### INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

25. The discrimination alleged herein caused Plaintiff to suffer severe emotional distress due to intentional and/or negligent infliction of emotional distress by the actions of Defendant's agents and employees for which Plaintiff is entitled to an award of damages to be proven at trial.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

B. For special damages, including back pay, front pay and other expenses; and

C. For damages for intentional infliction of emotional distress; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, May 5, 2014.

/s/ Michael P. Healy
MICHAEL P. HEALY
CHARLES H. BROWER
Attorneys for Plaintiff
Angie Parangan

8

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ANGIE PARANGAN,<br><br>                Plaintiff,<br><br>    vs.<br><br>OUTRIGGER HOTELS HAWAII, JOHN DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br>                Defendants. | Civil No._____<br>(Other Civil Action)<br><br>Complaint; Summons |

TO THE DEFENDANTS:

You are hereby summoned and required to file with the Court and to serve upon Plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OF CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOISE HOURTS.

FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.

DATED: Honolulu, Hawaii, _____MAY - 5 2014_____.

S. TAMANAHA    [SEAL]
CLERK OF THE COURT